## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Feb 10 2015, 10:21 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE

Danny Ramsey
Carlisle, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

J. T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Danny Ramsey,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | February 10, 2015<br><br>Court of Appeals Cause No.<br>14A05-1403-CR-100<br><br>Appeal from the Daviess Superior Court.<br><br>The Honorable Dean A. Sobecki, Judge.<br><br>Cause No. 14D01-0308-CM-645 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Danny Ramsey (Ramsey), appeals the trial court's denial of his motion for the return of bond money.

We affirm.

## ISSUE

Ramsey raises one issue on appeal, which we restate as follows: Whether the trial court erred in denying his motion to return his bond money.

## FACTS AND PROCEDURAL HISTORY

On July 30, 2003, Ramsey was arrested and charged with one Count of possession of marijuana, as a Class A misdemeanor. On the same day, Ramsey posted a cash bond of two hundred dollars to secure his release pending trial. On February 10, 2004, the State dismissed the charge. Thereafter, on February 23, 2004, the trial court released Ramsey's bond money.

On July 20, 2005, Ramsey sent a letter to the trial court inquiring about his bond money. On January 30, 2014, approximately ten years after the dismissal of the charge, Ramsey filed a motion for the return of bond money, which was subsequently denied by the trial court on February 13, 2014.

Ramsey now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

[7] Ramsey contends that the trial court erred when it denied the return of bond money. When a cash bail bond is posted to secure the release of a criminal defendant, the funds are held by the clerk while the defendant is at large and returned to the depositor unless the bond is forfeited due to the defendant's failure to appear. *See* I.C. ch. 35-33-8; -9; *Turner v. Clary*, 660 N.E.2d 878, 880 (Ind. Ct. App. 1993).

[8] Here, Ramsey posted a cash bond in the amount of two hundred dollars on July 30, 2003. After the State dismissed the charge, the cash bond was returned on February 23, 2004, as evidenced by the clerk's record of release.

## CONCLUSION

[9] Based on the foregoing, we conclude that the trial court properly denied Ramsey's motion.

[10] Affirmed.

[11] Vaidik, C. J. and Baker, J. concur